#37398

File No.: 4640

FILED
7/8/2020 2:28 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2018L006420

9701855

FILED DATE: 7/8/2020 2:28 PM  2018L006420

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| YASMINE HICKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 2018-L006420 |
| | ) |
| CITY OF CHICAGO, a municipal corporation, | ) |
| JOSEPH SIMPSON, and DARRYL BAETY, | ) |
| | ) |
| Defendants. | ) |

**FIRST AMENDED COMPLAINT**

**NOW COMES** the Plaintiff, YASMINE HICKS, by and through her attorneys, ZANE D. SMITH & ASSOCIATES, LTD., and complaining of the Defendants, CITY OF CHICAGO, JOSEPH SIMPSON, and DARRYL BAETY (collectively, the "Defendants"), states as follows:

**PARTIES**

1. Plaintiff, YASMINE HICKS (hereinafter, the "Plaintiff" or "Hicks"), is an individual residing in the County of Cook, State of Illinois.

2. Defendant, CITY OF CHICAGO (hereinafter, the "City"), is a duly incorporated municipal corporation, which has established multiple departments, including the City of Chicago Police Department (hereinafter, the "CPD").

3. Defendant, JOSEPH SIMPSON ("Simpson") was at all relevant times hereto the City's employee and a CPD officer.

4. Defendant, DARRYL BAETY ("Baety"), was at all relevant times hereto the City's employee and a CPD officer.

**JURISDICTION AND VENUE**

1

FILED DATE: 7/8/2020 2:28 PM  2018L006420

5. This Court has subject matter jurisdiction over this action, pursuant to Section 2-209(a)(2) of the Illinois Code of Civil Procedure, because it arises from the commission of a tortious act within this State.

6. Venue is proper in the Circuit Court of Cook County, First District, Illinois, pursuant to Section 2-101 of the Illinois Code of Civil Procedure, because the Defendants are situated in the County of Cook, State of Illinois.

## FACTS COMMON TO ALL COUNTS

7. On June 25, 2017, officers Baety and Simpson (collectively, the "Officers") responded to a reported domestic incident.

8. In connection with the Officers' investigation, Hicks was taken into custody, handcuffed, and detained in a CPD patrol car (the "Car"), which was under control of the Officers.

9. At the time she was detained, Hicks was safely walking on a sidewalk, near South State Street (the "Street").

10. After taking Hicks into custody, around 2:00 a.m., on June 25, 2017, the Officers decided to park the Car in the middle of the Street, which was a five-lane road, near an exit from a major interstate expressway (I-94, a/k/a Dan Ryan Expressway) and at or near the address commonly known as 6801 S. State Street, Chicago, Illinois.

11. Upon completion of their investigation, the Officers decided to release Hicks.

12. Specifically, after completion of their investigation, the Car was still parked in the middle of the Street, and rather than moving the Car to a safe location, the Officers deliberately and with complete disregard and indifference for Hicks' safety released her in the middle of the Street, despite the fact that she was initially picked up in a safe location – on a sidewalk.

13. At all times relevant hereto, the section of the Street where the Officers chose to park the Car was not designated for pedestrian travel, was not a parking spot, and had no designated crossings or stop lights.

14. Specifically, the Car was parked in the left lane of the northbound side of the Street, at the time Hicks was being released from custody.

15. As Simpson was taking Handcuffs off of Hicks' wrists, she was struck by a vehicle (the "Vehicle"), which was traveling northbound on the Street, at a high rate of speed, and was being operated by an intoxicated driver.

16. Indeed, at the time she was struck by the Vehicle, the Officers had Hicks placed in such a location on the Street where she could not do anything to protect herself – she had the Car in front of her, and the two officers on the sides, and could not jump out of the way to avoid being hit by the Vehicle.

17. As a result of being struck by the Vehicle, Plaintiff sustained severe injuries and permanent disfigurement.

**COUNT I (*Negligence*) - DIRECTED AT SIMPSON**

18. Plaintiff restates and realleges paragraphs 1 through 17, as if fully set forth herein in this Paragraph 18.

19. Simpson had the ability to control and operate the Car.

20. At all relevant times, after concluding his investigation, Simpson had a duty to exercise ordinary care to ensure that Hicks was not placed in a dangerous situation upon her release.

21. At all relevant times, after concluding his investigation, Simpson had a duty not to act in a willful and wanton manner, with deliberate indifference and conscious disregard for Hicks' safety.

22.     At or about said date and time, Simpson started to take hand cuffs off Hicks's wrists in the middle of the Street, designated for vehicular travel, with complete, deliberate, conscious disregard and indifference for Hicks' safety.

23.     At the stated time and place, Simpson breached the foregoing duties and was guilty of committing one or more of the following wrongful, negligent, deliberate, willful, indifferent and/or wanton acts and/or omissions:

- a. Failing to move the Car and park it in a location where Hicks could have been safely released without being placed in danger of being struck by another vehicle traveling at a fast rate of speed;

- b. Failing to maintain proper lookout for oncoming traffic while releasing Hicks in the middle of a dangerous roadway;

- c. Failing to request assistance from another CPD Officer(s) for the purpose of maintaining a lookout and diverting traffic, while releasing Hicks in the middle of a dangerous roadway;

- d. Releasing Plaintiff in the middle of a dangerous roadway when it would have taken minimal effort to safely release her on a sidewalk;

- e. Releasing Plaintiff in such manner where she could not protect herself from the oncoming traffic;

- f. Failing to follow department policies and procedures related to the safety of persons in his custody; and/or

- g. Otherwise failing to exercise reasonable care in releasing Hicks from CPD custody.

24.     As a direct and proximate result of one or more of the foregoing negligent, reckless, willful, deliberate, indifferent and/or wanton acts and omissions of Simpson, Hicks did suffer serious and disabling injuries that are permanent and pecuniary in nature.

25.     As a direct and proximate result of one or more of the foregoing negligent, reckless, willful, deliberate, indifferent and/or wanton acts and omissions of Simpson, Hicks is disfigured and will incur future medical expenses based upon a reasonable medical probability

for necessary and reasonable medical treatment, all to her losses in an amount to be established at trial.

26. As a direct and proximate result of one or more of the foregoing negligent, reckless, willful, deliberate, indifferent and/or wanton acts and omissions of Simpson, Hicks has experienced, and continues to experience pain and suffering, mental and emotional anguish, impairment of her ability to enjoy life, and physical functional impairment for which she is entitled to recover general damages in an amount to be established at trial.

27. As a direct and proximate result of one or more of the foregoing negligent, reckless, willful, deliberate, indifferent and/or wanton acts and omissions of Simpson, Hicks has suffered debilitating injuries, has been unable to work and, as a result, has suffered loss of her earnings.

WHEREFORE, Plaintiff, YASMINE HICKS, prays for a judgment against the Defendant, JOSEPH SIMPSON, in a fair and reasonable amount in excess of $100,000.00, as established at trial, plus costs of this lawsuit, and such other and further relief as this Court deems just and appropriate.

**COUNT II (*Negligence*) – DIRECTED AT DARRYL BAETY**

28. Plaintiff restates and realleges paragraphs 1 through 27, as if fully set forth herein in this Paragraph 28.

29. Upon information and belief, on June 25, 2017, Baety had the ability to control and operate the Car.

30. At all relevant times, after concluding his investigation, Baety had a duty to exercise ordinary care to ensure that Hicks is not placed in a dangerous situation upon her release.

5

31. At all relevant times, after concluding his investigation, Baety had a duty not to act in a willful and wanton manner, with deliberate indifference and conscious disregard for Hicks' safety.

32. At the stated time and place, Baety was guilty of committing one or more of the following wrongful, negligent, deliberate, willful, indifferent and/or wanton acts and/or omissions:

   a. Failing to move the Car and park it in a location where Hicks could have been safely released without being placed in danger of being struck by another vehicle traveling at a fast rate of speed;

   b. Failing to maintain proper lookout for oncoming traffic while releasing Hicks in the middle of a dangerous roadway;

   c. Failing to request assistance from another CPD Officer(s) for the purpose of maintaining a lookout and diverting traffic, while releasing Hicks in the middle of a dangerous roadway;

   d. Releasing Plaintiff in the middle of a dangerous roadway when it would have taken minimal effort to safely release her on a sidewalk;

   e. Releasing Plaintiff in such manner where she could not protect herself from the oncoming traffic;

   f   Failing to follow department policies and procedures related to the safety of persons in his custody; and/or

   g. Otherwise failing to exercise reasonable care in releasing Hicks from CPD custody.

33. As a direct and proximate result of one or more of the foregoing negligent, reckless, willful, deliberate, indifferent and/or wanton acts and omissions of Baety, Hicks did suffer serious and disabling injuries that are permanent and pecuniary in nature.

34. As a direct and proximate result of one or more of the foregoing negligent, reckless, willful, deliberate, indifferent and/or wanton acts and omissions of Baety, Hicks is disfigured and will incur future medical expenses based upon a reasonable medical probability

for necessary and reasonable medical treatment, all to her losses in an amount to be established at trial.

35.     As a direct and proximate result of one or more of the foregoing negligent, reckless, willful, deliberate, indifferent and/or wanton acts and omissions of Baety, Hicks has experienced, and continues to experience pain and suffering, mental and emotional anguish, impairment of her ability to enjoy life, and physical functional impairment for which she is entitled to recover general damages in an amount to be established at trial.

36.     As a direct and proximate result of one or more of the foregoing negligent, reckless, willful, deliberate, indifferent and/or wanton acts and omissions of Baety, Hicks has suffered debilitating injuries, has been unable to work and, as a result, has suffered loss of her earnings.

WHEREFORE, Plaintiff, YASMINE HICKS, prays for a judgment against the Defendant, DARRYL BAETY, in a fair and reasonable amount in excess of $100,000.00, as established at trial, plus costs of this lawsuit, and such other and further relief as this Court deems just and appropriate.

**COUNT III (*Negligence and Respondeat Superior*) – Directed at the City of Chicago**

37.     Plaintiff restates and realleges paragraphs 1 through 36, as if fully set forth herein in this Paragraph 37.

38.     Baety and Simpson were employees of the City.

39.     The Officers' wrongful, negligent, deliberate, willful, indifferent and/or wanton conduct, as alleged in this Complaint, occurred within the scope of their employment for the City.

40.     Accordingly, the City is vicariously liable for the Officers' conduct.

FILED DATE: 7/8/2020 2:28 PM   2018L006420

FILED DATE: 7/8/2020 2:28 PM   2018L006420

41. Further, the City knew, should have known about, and/or encouraged the Officers' wrongful, negligent, deliberate, willful, indifferent and/or wanton, conduct.

42. The City owed the duty to use, in releasing Hicks from custody, that degree of skill customarily required by like-kind municipal corporations, but in violation of said duty, the City was then and there guilty of one or more of the following wrongful, negligent, deliberate, willful, indifferent and/or wanton conduct, acts or omissions:

   a. Permitting the Officers to take Hicks into custody, when it knew, or in exercise of reasonable care should have known that the Officers were not properly trained;

   b. Failing to establish, maintain, and/or enforce adequate standards and procedures to ensure that CPD Officers do not place individuals in CPD's custody into danger when releasing them from custody;

   c. Encouraging the Officers to act in a reckless, deliberate, indifferent, and/or wanton manner, in light of certain purported immunities provided by state law;

   d. Allowing Simpson and Baety to release Hicks in the middle of a dangerous public road, designated for vehicular travel, and in such manner where she could not protect herself; and

   e. Otherwise failing to exercise reasonable care in releasing Hicks from CPD custody.

43. As a direct and proximate result of one or more of the foregoing negligent, reckless, willful, deliberate, indifferent and/or wanton acts and omissions of the City, Hicks did suffer serious and disabling injuries that are permanent and pecuniary in nature.

44. As a direct and proximate result of one or more of the foregoing negligent, reckless, willful, deliberate, indifferent and/or wanton acts and omissions of the City, Hicks is disfigured and will incur future medical expenses based upon a reasonable medical probability for necessary and reasonable medical treatment, all to her losses in an amount to be established at trial.

45. As a direct and proximate result of one or more of the foregoing negligent, reckless, willful, deliberate, indifferent and/or wanton acts and omissions of the City, Hicks has experienced, and continues to experience pain and suffering, mental and emotional anguish, impairment of her ability to enjoy life, and physical functional impairment for which she is entitled to recover general damages in an amount to be established at trial.

46. As a direct and proximate result of one or more of the foregoing negligent, reckless, willful, deliberate, indifferent and/or wanton acts and omissions of the City, Hicks has suffered debilitating injuries, has been unable to work and, as a result, has suffered loss of her earnings.

WHEREFORE, Plaintiff, YASMINE HICKS, prays for a judgment against the Defendant, CITY OF CHICAGO, in a fair and reasonable amount in excess of $100,000.00, as established at trial, plus costs of this lawsuit, and such other and further relief as this Court deems just and appropriate.

**COUNT IV (Violation of 42 U.S.C. § 1983, State-Created Danger Claim)**

47. Plaintiff restates and realleges Paragraphs 1 through 46, as if fully set forth herein.

48. At all times relevant to this action, Defendants, the City and the Officers were acting under the color of state law, and relying upon 745 ILCS 10/4-102, among other state statutes to justify their willful, deliberate, indifferent, and outrageous conduct.

49. By and through the Officers, the City affirmatively placed Hicks in a position of danger that she would not have otherwise faced – the Officers took Hicks into custody from the safety of a sidewalk and dropped her off in the middle of a Street, late at night.

50. The harm ultimately caused to Hicks was directly foreseeable in that:

    a. The Officers knew that they were releasing Hicks in the middle of the Street, which was open to traffic, and in a location that was not designated for pedestrian travel;

FILED DATE: 7/8/2020 2:28 PM    2018L006420

      b.      The Officers knew that there was a higher incidence of intoxicated drivers on the road, in the middle of a summer weekend and during early morning hours (on a Sunday morning around 2:00 a.m.);

      c.      The Officers knew that there was vehicular traffic on the Street, as dashcam video footage from the Car shows other vehicles passing by;

      d.      The City and the Officers knew of the inherent danger of allowing police officers to release individuals from custody in random locations, such as in the middle of a street, and in the middle of the night, without any protocols preventing police officers from doing so;

      e.      The Officers could have easily avoided the danger to which Hicks was exposed, without any significant effort, by simply pulling up to a side walk or pulling into one of the side streets, where Hicks could have been released in a safe manner; and/or

      f.      While releasing the Plaintiff, the Officers knowingly placed Hicks in a location where she could not protect herself by moving away from the oncoming traffic.

51. Based on the foregoing, and the relative ease with which harm to Hicks could have been avoided, coupled with the deliberate and reckless indifference for Hicks' safety, the Defendants' actions shock the conscience.

52. A special relationship existed between the Defendants and Hicks because after arresting her, placing her into handcuffs, and placing her in the back of the squad car, they were in complete control of the location where she would be released.

53. Moreover, by virtue of her arrest, Hicks was in the care and custody of the Defendants.

54. The Defendants affirmatively misused their authority in a way that created a highly foreseeable danger to Hicks and/or rendered Hicks more vulnerable to danger than had the Defendants not acted at all – Hicks was picked up from the safety of a sidewalk and dropped off near an intersection on the Street.

10

55. Indeed, based upon the verbal altercations between Hicks and the Officers, while she was in custody, upon information and belief, the Defendants' actions were a form of retribution and/or retaliation, which created a highly foreseeable danger to Hicks and/or rendered her more vulnerable to danger than had the Defendants not acted at all.

56. All of the acts of the Defendants, described in detail above, independently and directly caused the harm and/or made Hicks more vulnerable to the harm because the danger to Hicks did not exist prior to the commission of the above-mentioned affirmative acts and/or misuses of authority.

57. The affirmative acts and/or misuses of authority, as set forth in this Complaint, were the proximate cause of Hicks' injuries, as previously set forth in this Complaint.

58. The conduct, as set forth above, evidences the Defendants' creation of a state-created danger, under the color of Illinois law, which violates Hicks' rights under the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiff, YASMINE HICKS, prays for a judgment against the Defendants, CITY OF CHICAGO, DARRYL BAETY, and JOSEPH SIMPSON, in a fair and reasonable amount in excess of $100,000.00, as established at trial, plus costs of this lawsuit, plus reasonable attorneys' fees as determined by the Court, and such other and further relief as this Court deems just and appropriate.

FILED DATE: 7/8/2020 2:28 PM  2018L006420

Respectfully submitted,

YASMINE HICKS, *Plaintiff*

_____
Boris G. Samovalov, one of her Attorneys

Boris G. Samovalov
ZANE D. SMITH & ASSOCIATES, LTD.
111 W. Washington Street, Suite 1750
Chicago, Illinois 60602
Phone: (312) 245-0032
Fax: (312)245-0022
boris@zanesmith.com
Cook County Attorney Code: 37398

### AFFIDAVIT OF COMPLIANCE WITH SUPREME COURT RULE 222

You are hereby put on notice that the amount being sought by this action exceeds the sum of fifty thousand dollars ($50,000.00) and that this action is not subject to and shall not be governed by Illinois Supreme Court Rule 222 with respect to Limited and Simplified Discovery.

YASMINE HICKS, *Plaintiff*

_____
One of Plaintiff's Attorneys

Boris G. Samovalov
Zane Smith & Associates, Ltd.
111 W. Washington Street, Suite 1750
Chicago, Illinois 60602
312.245.0031
boris@zanesmith.com

12

**CERTIFICATE OF SERVICE**

    I, Boris Samovalov, an attorney, on oath state that I served the foregoing document to the attorney(s) of record by sending a true and correct copy of same via email on July 8, 20. Under the penalties of perjury, I certify that the above statements set forth herein are true and correct.

                                                         *Boris G. Samovalov*

FILED DATE: 7/8/2020 2:28 PM  2018L006420